UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: _____

CARMEN RODRIGUEZ,

           Plaintiff,

v.

RHENUS LOGISTICS LLC,

           Defendant.

## COMPLAINT

Plaintiff CARMEN RODRIGUEZ ("Plaintiff") sues Defendant RHENUS LOGISTICS LLC, ("Defendant"), and alleges as follows:

### NATURE OF ACTION

1. This action arises out of Plaintiff's employment relationship with Defendant, including her discrimination and wrongful termination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"); Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"); and the Florida Civil Rights Act of 1992, Fla. Stat. § 760 *et seq.* ("FCRA").

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3) and (4) and 28 U.S.C. § 1367 (a).

3. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391, because Defendant resides in this district; also, because Defendant is subject to the Court's personal jurisdiction with respect to the civil action at bar and

because all or a substantial part of the events or omissions giving rise to this cause of action took place in this judicial district.

4. Plaintiff also invokes the supplemental jurisdiction of this Court to hear and decide claims arising under the laws of the State of Florida that are so related to claims in the action within the original jurisdiction of this district Court that they form part of the same case or controversy under Article III of the United States Constitution. In particular, Plaintiff is bringing claims under the FCRA.

## PARTIES

5. At all times material, Plaintiff was a resident of Miami-Dade County, Florida.

6. At all times material, Plaintiff was an "employee" as defined by 42 U.S.C. § 12111(4), 29 USC § 630 (f), and a "qualified individual" as defined by 42 U.S.C. § 12111(8).

7. At all times material hereto, Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

8. At all times material, Defendant was a "person" and an "employer" as defined by 42 U.S.C. § 12111(5); 29 USC § 630 (b) and Fla. Stat. § 760.02(7). Defendant employed twenty or more employees for the applicable statutory period, and it is therefore subject to the employment discrimination provisions of the applicable statutes – the ADEA, the ADA and the FCRA.

9. At all times material, Defendant was a company doing business in Miami-Dade County, Florida, with its principal and mailing addresses in Miami-Dade, Florida. Defendant is and was, at all times relevant, an international logistics service provider.

## PROCEDURAL REQUIREMENTS

10. Plaintiff has complied with all conditions precedent in filing this action, to wit:

   a. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC"), Miami District Office;

      b. Plaintiff received a Right to Sue Notice from the EEOC on or about May 23, 2021.

11. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

## GENERAL ALLEGATIONS

12. Plaintiff is a 62-year-old woman.

13. Defendant hired Plaintiff on or about May 14, 2019 to work as a Housekeeper.

14. Plaintiff performed her work admirably and was revered by her colleagues with whom she worked. All changed after Defendant hired Human Resources representative Taimy (ULN) (hereinafter "Taimy"), who began micromanaging Plaintiff, humiliating Plaintiff by yelling at her, and constantly referring to Plaintiff as "vieja" which Plaintiff understood to mean "old woman".

15. Particularly, Defendant micromanaged Plaintiff's work when Taimy would constantly direct Plaintiff to perform numerous tasks in one day, and make Plaintiff unnecessarily re-do tasks or perform other employees' tasks. Specifically, Plaintiff felt as if Taimy treated her like a slave.

16. Plaintiff was also constantly subjected to Taimy's discriminatory yelling. When Taimy yelled at Plaintiff, she did so in the presence of other employees and would call her names such as "old".

17. Plaintiff noticed that Taimy did not micromanage, yell at, or refer to employees as "vieja" who were not over the age of 40.

18. Plaintiff complained to Defendant, but Defendant failed to take action.

19. Defendant's discriminatory conduct toward Plaintiff worsened after she complained.

20. After Taimy was hired, Plaintiff also noticed that, on two separate occasions, she was wrongfully passed up for wage increases. Plaintiff further noticed that Defendant increased other employees' wages.

21. Plaintiff once again complained to Defendant, but Defendant failed to take action.

22. Plaintiff was made to feel humiliated, embarrassed and emotionally distressed because she was subjected to discrimination, retaliation and harassment, and the Defendant knew about it and did nothing.

23. Then on September 9, 2021, Plaintiff began to feel COVID-19 symptoms.

24. Plaintiff's Covid-19 symptoms required medical care and treatment.

25. Plaintiff immediately informed Taimy of her symptoms and her intent to seek medical care and treatment and attend a medical appointment.

26. As soon as Defendant learned of Plaintiff's Covid-19 symptoms, on September 9, 2021, Defendant terminated Plaintiff.

27. At all times prior to Defendant's termination of Plaintiff, she performed her job well.

28. The motivating factor that prompted Defendant to discriminate against Plaintiff was Plaintiff's age and perceived handicap or disability.

29. Defendant filled Plaintiff's position with an employee who is younger than Plaintiff.

30. Defendant filled Plaintiff's position with an employee who is not perceived to be handicap or disabled.

31. Plaintiff's termination in September 2021 was an act of overt discrimination.

32. The Plaintiff has retained the undersigned counsel in order that her rights and

interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

## COUNT I: VIOLATION OF THE ADEA -TERMINATION

33. Plaintiff repeats and re-alleges paragraphs 1 - 22 and 26 - 32 as if fully stated herein.

34. At all times material to this action, Defendant engaged in unlawful discrimination against Plaintiff due to her age, in violation of the ADEA.

35. Plaintiff is over 40 years old and is within a protected class.

36. Plaintiff was qualified to perform her job as Housekeeper for Defendant.

37. Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the ADEA by treating Plaintiff differently than similarly situated younger employees in the terms and conditions of her employment by, *inter alia*, terminating Plaintiff due to her age.

38. After Defendant terminated Plaintiff, Defendant hired a younger employee to replace Plaintiff.

39. The effect of the practices complained of in this complaint has been to deprive Plaintiff of equal employment opportunities, specifically her employment, because of her age.

40. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Defendant for its violations of the ADEA;

b. Award Plaintiff actual damages suffered, including lost wages and loss of fringe benefits;

c. Award Plaintiff compensatory damages under the ADEA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d. Award Plaintiff back pay, liquidated damages, interest, front pay (or reinstatement), and any other damages allowed under the ADEA;

e. Award Plaintiff prejudgment interest on her damages award;

f. Award Plaintiff reasonable costs and attorney's fees; and

g. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT II: VIOLATION OF THE ADEA – HOSTILE WORK ENVIRONMENT

41. Plaintiff repeats and re-alleges paragraphs 1 - 22 and 26 - 32 as if fully stated herein.

42. At all times material to this action, Defendant engaged in unlawful discrimination against Plaintiff due to her age, in violation of the ADEA.

43. Plaintiff is over 40 years old and is within a protected class.

44. Plaintiff was qualified to perform her job.

45. Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the ADEA by treating Plaintiff differently than similarly situated younger employees in the terms and conditions of her employment and creating a hostile work environment by, *inter alia*, by constantly micromanaging Plaintiff's work, yelling at Plaintiff and calling Plaintiff "vieja" to the extent that Plaintiff was not able to properly perform her work.

46. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

47. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Defendant for its violations of the ADEA;

b. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and other damages;

c. Award Plaintiff compensatory damages under the ADEA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d. Award Plaintiff back pay, liquidated damages, interest, front pay (or reinstatement), and any other damages allowed under the ADEA;

e. Award Plaintiff prejudgment interest on her damages award;

f. Award Plaintiff reasonable costs and attorneys' fees; and

g. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT III: VIOLATION OF THE ADEA - RETALIATION

48. Plaintiff repeats and re-alleges paragraphs 1 - 22 and 26 - 32 as if fully stated herein.

49. Defendant's discriminatory acts against Plaintiff on account of her age only worsened after Plaintiff complained about it and Plaintiff was ultimately terminated.

50. Despite Plaintiff's repeated claims, Defendant took no remedial action to control working conditions and cease the discriminatory actions against her.

51. Defendant's conduct and disregard for Plaintiff's continued complaints were motivated by an intent to retaliate against Plaintiff for her protected activity under the ADEA.

52. Defendant willfully violated the ADEA or acted with reckless disregard for whether its actions were prohibited.

53. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against the Defendant for its violations of the anti-retaliatory provisions of the ADEA;

b. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefit and damages;

c. Award Plaintiff compensatory damages under the ADEA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d. Award Plaintiff back pay, liquidated damages, interest, front pay (or reinstatement), and any other damages allowed under the ADEA;

e. Award Plaintiff prejudgment interest on her damages award;

f. Award Plaintiff reasonable costs and attorneys' fees; and

g. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT IV: VIOLATION OF TITLE I OF THE ADA

54. Plaintiff repeats and re-alleges paragraphs 1 – 14, 23 – 28, and 30 - 32 as if fully stated herein.

55. Plaintiff's Covid-19 symptoms, which required immediate medical care and treatment, qualify as a disability within the meaning of the ADA.

56. At all times material, Plaintiff was qualified to perform the essential functions of her job with or without reasonable accommodation.

57. At all times material, Defendant was aware of Plaintiff's disability conditions.

58. The accommodations requested by Plaintiff were reasonable.

8

59. At all times material to this action, Defendant engaged in unlawful discrimination against Plaintiff when it failed to provide Plaintiff with a reasonable accommodation and ultimately terminated Plaintiff. Because of Plaintiff's disability and/or perceived disability, Defendant discriminated against her in violation of the ADA.

60. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Defendant for its violations of Title I of the ADA;

b. Award Plaintiff actual damages suffered, including lost wages and loss of fringe benefits;

c. Award Plaintiff compensatory damages under Title I of the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d. Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement), and any other damages allowed under Title I of the ADA;

e. Award Plaintiff prejudgment interest on her damages award;

f. Award Plaintiff reasonable costs and attorneys' fees; and

g. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

### COUNT V: VIOLATION OF TITLE V OF THE ADA – DISABILITY RETALIATION

61. Plaintiff repeats and re-alleges paragraphs 1 – 14, 23 – 28, and 30 - 32 as if fully stated herein.

62. At all times material, Defendant was aware of Plaintiff's disability conditions.

63. At all times material to this action, Defendant engaged in unlawful retaliation against Plaintiff on account of her disability, and/or perceived disability in violation of the ADA.

64. Defendant retaliated against Plaintiff by discharging her because of Plaintiff's perceived handicap or disability due to her Covid-19 symptoms.

65. Defendant's termination of Plaintiff was in retaliation for her protected activity under the ADA, namely Defendant's unfair treatment towards Plaintiff on account of her disability and/or perceived disability.

66. Defendant willfully violated Title V of the ADA or acted with reckless disregard for whether its actions were prohibited.

67. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Defendant for its violations of Title V of the ADA;

b. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c. Award Plaintiff compensatory damages under Title V of the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d. Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement), and any other damages allowed under Title V of the ADA;

e. Award Plaintiff prejudgment interest on her damages award;

f. Award Plaintiff reasonable costs and attorney's fees; and

g. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT VI: VIOLATION OF THE FCRA BY DEFENDANT – AGE DISCRIMINATION - TERMINATION

68. Plaintiff repeats and re-alleges paragraphs 1 - 22 and 26 - 32 as if fully stated herein.

69. Plaintiff was an employee of Defendant and was terminated on September 9, 2021.

70. Plaintiff was subjected to disparate treatment because of her age in violation of the FCRA, and because of such actions by Defendant, he has suffered irreparable injury and compensable damages unless and until this Court grants relief.

71. The unlawful employment practices complained of herein and the actions of Defendant and Taimy as its agent, were willful, wanton, intentional and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

72. As a direct and proximate result of the above-described actions of Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

b. Injunctive relief ordered by the Court enjoining and permanently restraining these violations of the FCRA by Defendant;

c. Actual damages suffered, including lost wages, loss of fringe benefits and damages;

d. Compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

e. Punitive damages, according to proof;

f. Award Plaintiff the costs of this action together with reasonable attorney's fees, as provided by the FCRA; and

11

g. Such other and further relief as the Court deems just and proper.

## COUNT VII: VIOLATION OF THE FCRA BY DEFENDANT – AGE DISCRIMINATION – HOSTILE WORK ENVIRONMENT

73. Plaintiff repeats and re-alleges paragraphs 1 - 22 and 26 - 32 as if fully stated herein.

74. Defendant created a hostile work environment and terminated Plaintiff's employment because of her age.

75. Plaintiff has been harassed and subjected to disparate treatment because of her age in violation of the FCRA, and because of such actions by Defendant, she has suffered irreparable injury and compensable damages unless and until this Court grants relief.

76. The unlawful employment practices complained of herein and the actions of Defendant and its agents, were willful, wanton, intentional and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

77. As a direct and proximate result of the above-described actions of Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;
b. Injunctive relief ordered by the Court enjoining and permanently restraining these violations of the FCRA by Defendant;
c. Actual damages suffered, including lost wages, loss of fringe benefits and damages;
d. Compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

  e. Punitive damages, according to proof;

  f. Award Plaintiff the costs of this action together with reasonable attorney's fees, as provided by the FCRA; and

  g. Such other and further relief as the Court deems just and proper.

## COUNT VIII: VIOLATION OF THE FCRA – AGE DISCRIMINATION - RETALIATION

78. Plaintiff repeats and re-alleges paragraphs 1 - 22 and 26- 32 as if fully stated herein.

79. Defendant retaliated against Plaintiff in violation of the FCRA by fostering and perpetuating inadequate working conditions that led to a hostile work environment.

80. Defendant's retaliation and eventual termination of Plaintiff was because of her complaining and opposition to the discriminatory acts that Defendant, through Taimy and other employees, was committing against Plaintiff because of her age.

81. After Plaintiff's complaints and opposition to the discrimination she was enduring, Defendant's employees, including but not limited to Taimy, continued with and intensified their discriminatory demeanor and actions towards Plaintiff and the work environment became even more hostile.

82. The unlawful employment practices complained of herein and the actions of Defendant and its agents were and are willful, wanton, intentional and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

83. Because of such actions by Defendant, Plaintiff has suffered both irreparable injury and compensable damage unless and until this Court grants relief.

84. As a direct and proximate result of the intentional retaliatory violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and

mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff, demands judgment against Defendant as follows:

a. Enter judgment in Plaintiff's favor and against Defendant for its violations of antiretaliatory provisions of the FCRA;

b. Injunctive relief ordered by the Court enjoining and permanently restraining these violations of the FCRA by Defendant;

c. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

d. Compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional retaliatory actions, according to proof;

e. Punitive damages, according to proof;

f. Awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by the FCRA; and

g. Such other and further relief as the Court deems just and proper.

### COUNT IX: VIOLATION OF THE FCRA BY DEFENDANT – HANDICAP DISCRIMINATION, FAILURE TO ACCOMMODATE

85. Plaintiff repeats and re-alleges paragraphs 1 – 14, 23 – 28, and 30 - 32 as if fully stated herein.

86. Plaintiff was discriminated, not accommodated, and terminated because of her handicap or disability and/or Defendant's perception of such handicap or disability in violation of the FCRA, and because of such actions by Defendant, Plaintiff has suffered both irreparable injury and compensable damages unless and until this Court grants relief.

87. The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

88. Non-disabled employees were not terminated, and Plaintiff was terminated on the basis of her disability.

89. Defendant thereby discriminated against Plaintiff in the terms, conditions and benefits of her employment in violation of the FCRA.

90. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

b. Injunctive relief ordered by the Court enjoining and permanently restraining these violations of the FCRA by Defendant;

c. Award Plaintiff actual damages suffered, including lost wages and loss of fringe benefits;

d. Award Plaintiff compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

e. Award punitive damages, according to proof;

f. Award Plaintiff the costs of this action together with reasonable attorneys' fees, as provided by the FCRA; and

g. Grant such other and further relief, as the Court deems just and proper.

### COUNT X: VIOLATION OF THE FCRA BY DEFENDANT – HANDICAP RETALIATION

91. Plaintiff repeats and re-alleges paragraphs 1 – 14, 23 – 28, and 30 - 32 as if fully stated herein.

92. At all times material, Defendant was aware of Plaintiff's disability conditions.

93. At all times material to this action, Defendant engaged in unlawful retaliation against Plaintiff on account of her disability, and/or perceived disability in violation of the FCRA. Defendant retaliated against Plaintiff first by discharging Plaintiff and preventing her from continuing and adequately performing her job duties.

94. Defendant's termination of Plaintiff was motivated by an intent to retaliate against Plaintiff for her protected activity under the FCRA.

95. Defendant willfully violated the FCRA or acted with reckless disregard for whether its actions were prohibited.

96. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

b. Injunctive relief ordered by the Court enjoining and permanently restraining these violations of the FCRA by Defendant;

c. Award Plaintiff actual damages suffered, including lost wages and loss of fringe benefits;

d. Award Plaintiff compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

e. Award punitive damages, according to proof;

f. Award Plaintiff the costs of this action together with reasonable attorneys' fees, as provided by the FCRA; and

  g. Grant such other and further relief, as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated: July 29, 2021.

                Respectfully submitted,

                By: /s/ Tanesha W. Blye
                Tanesha W. Blye, Esq.
                Fla. Bar No.: 738158
                Email: tblye@saenzanderson.com

                R. Martin Saenz, Esq.
                Fla. Bar No.: 0640166
                Email: msaenz@saenzanderson.com

                SAENZ & ANDERSON, PLLC
                20900 NE 30th Avenue, Ste. 800
                Aventura, Florida 33180
                Telephone: (305) 503-5131
                Facsimile: (888) 270-5549
                *Counsel for Plaintiff*